**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

STEVEN LAMONT ROBBINS,    )
                      )
          Plaintiff,  )
                      )   Case No. 3:15-cv-51
      vs.            )
                      )
WILLIAM WILSON,       )
                      )
          Defendant.  )

## OPINION AND ORDER

This matter is before the Court on the Civil Rights Complaint, filed by Steven Lamont Wilson, a *pro se* prisoner, on January 30, 2015 (DE #1). For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Robbins alleges that, on November 29, 2012, the Defendant, Indiana State Prison Warden William Wilson, violated his Fourteenth Amendment Due Process rights by allowing him to be transported to Cook County, Illinois, without following the procedures set out in the Interstate Agreement on Detainers. As a result, Robbins was accidentally released from custody, which resulted in him being labeled an "escapee, murderer, woman beater, etc." (DE #1, p. 7.) Robbins seeks money damages against Warden Wilson for this section 1983 claim.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review this prisoner complaint. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, Robbins' claim arose on November 29, 2012. Thus, Robbins had until November 29, 2014, to file this claim. However, the complaint was not signed until January 25, 2015, months after the statute of limitations had expired. Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since this claim arose, this case must be dismissed.


CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.


**DATED: February 10, 2015**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**